## CHARLES W. LEONARD v. CHARLES M. LAWRENCE.

The supplement of 1866 to the attachment act, which exempts the personal property of a non-resident debtor being in this state, from liability to attachment, at the suit of a non-resident creditor, when the property is exempt by the law of the state of which both debtor and creditor are residents, applies only to personal property of a tangible nature, such as goods and chattels, and not to rights and credits.

*Certiorari* to remove judgment and proceedings before a justice of the peace, in attachment.

Argued before Justices ELMER, BEDLE, and DALRIMPLE, by—

*J. Dixon, Jr.*, for plaintiff.

The opinion of the court was delivered by

BEDLE, J.   This writ brings up the judgment and proceedings in an attachment issued by a justice of the peace.   Each of the parties resides in New York.   The constable attached only a debt due Leonard from the Erie Railway Company, in the hands of the paymaster, for wages as brakeman.   It is claimed that under the supplement of March 27th, 1866, to the attachment act, (*Laws*, 1866, *p.* 770,) these wages are not liable to attachment, because by the laws of New York (*N. Y. Rev. Stat.*, 3 *Vol.*, *p.* 550, § 297,) the earnings of a debtor for his personal services, at any time within sixty days next preceding an order for the purpose, cannot be applied towards the satisfaction of a judgment, when such earnings are necessary for the use of a family supported wholly or partly by his labor.   Without referring more particularly to the New York act, it is only necessary to consider whether the supplement of 1866 exempts this debt for wages.   The language is this: " That the *personal property* of a non-resident of this state, being in this state, shall not

be liable to attachment at the suit of a non-resident creditor, when the said property is exempt by law of the state of which the said debtor and creditor are residents." Although the words *personal property*, in their general signification, may include a *chose in action*, yet they are not infrequently used in the more limited sense of chattels, movable and tangible. It is not clear, from the body of the supplement, in which sense they are there used, but the preamble definitely fixes the class of property referred to. The following is the preamble: " Whereas, residents of other states, in passing through this state with their personal chattels, are liable to attachment at the suit of creditors from other states, although by the laws of such other states such personal chattels are not liable to be taken for such debts, therefore," *be it enacted, &c.* The preamble evidently refers only to movable and tangible property. And the word *chattels* is used all through the attachment act, as distinguished from *rights* and *credits*. It is true, that if the words of the enacting clause are clear, precise, and unambiguous, they are to be taken in their natural and ordinary sense, uncontrolled by the preamble, but if otherwise, the preamble can be used to give a definite meaning to general words, and to ascertain the particular subject matter to which they were intended to apply. *Salkeld* v. *Johnston*, 1 *Hare* 208; *Emanuel* v. *Constable*, 3 *Russ.* 438; *Broom's Legal Maxims* 509; *Sedgwick on Stat. Law* 55.

This debt, then, was properly attached, as the supplement only applies to chattels of a movable and tangible character.

Let the judgment be affirmed.

Justices ELMER and DALRIMPLE concurred.